**FILED**

**NOT FOR PUBLICATION**

MAY 31 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-10641 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-ER/BMK |
| v. | |
| TERRY LEROY CASSIDY, a/k/a Shawn "Shawn Michaels"; et al., | MEMORANDUM* |
| Defendant - Appellant. | |
| | |
| UNITED STATES OF AMERICA, | No. 05-10663 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-ER/BMK |
| v. | |
| ROYAL LAMARR HARDY, | |
| Defendant - Appellant. | |
| | |
| UNITED STATES OF AMERICA, | No. 05-10664 |
| Plaintiff - Appellee, | D.C. No. CR-02-00133-2-ER/BMK |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

URSULA A. SUPNET, aka Ursula Ann
"Ursula Ann Sounet",

    Defendant - Appellant.

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL L. KAILING,

    Defendant - Appellant.

No. 05-10722

D.C. No. CR-02-00133-ER/BMK

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRED M. ORTIZ,

    Defendant - Appellant.

No. 05-10723

D.C. No. CR-02-00133-ER/BMK

Appeal from the United States District Court
for the District of Hawaii
Edward Rafeedie, District Judge, Presiding

Argued and Submitted May 15, 2007
San Francisco, California

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and SAND[**], Senior District Judge.

Royal Lamarr Hardy, Ursula A. Supnet, Terry Leroy Cassidy, Michael L. Kailing and Fred M. Ortiz appeal their convictions for conspiracy to defraud the United States under 18 U.S.C. § 371, arising from their activities encouraging the avoidance of personal income tax payment. The facts and prior proceedings are repeated herein only as necessary. We affirm.

I

The district court did not abuse its discretion in denying Ursula Supnet's motion for substitution of court appointed counsel (nor Hardy's motion to disqualify Supnet's counsel). The court held an adequate hearing to determine the nature of the complaint, and properly weighed the seriousness of the alleged conflict against the timeliness of the motion. *See United States v. Gonzalez*, 113 F.3d 1026, 1028 (9th Cir. 1997). Moreover, the evidence does not establish that Supnet was deprived her Sixth Amendment right to counsel due to any conflict

---

[**] The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

3

arising from the joint defense agreement. *Cf. United States v. Henke*, 222 F.3d 633, 637 (9th Cir. 2000).

II

The district court properly denied Hardy's motion to dismiss the indictment on the grounds of preindictment delay. In considering the questions of prejudice and in balancing the length of the delay and the reasons for it, the district court properly applied the framework of *United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir. 1995). Hardy did not meet the "heavy burden" of establishing prejudice from any delay in bringing the charges against him. *See United States v. Gregory*, 322 F.3d 1157, 1165 (9th Cir. 2003).

Hardy fails adequately to develop his arguments that the indictment should have been dismissed on the grounds of outrageous government misconduct. *See* Ninth Circuit Rule 28-1(b) ("Parties must not append or incorporate by reference briefs submitted to the district court or agency or this Court in a prior appeal, or refer this Court to such briefs for the arguments on the merits of the appeal."); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) (argument not coherently developed in appellate briefs deemed abandoned). This argument is therefore waived.

Hardy's argument that the indictment should have been dismissed on First Amendment grounds is also inadequately developed. Furthermore, even assuming the argument was not waived, the activities charged in the conspiracy went well beyond mere speech or advocacy; thus, there was no basis for dismissal under the First Amendment. *See United States v. Solomon*, 825 F.2d 1292, 1297 (9th Cir. 1987).

Counts 1 and 2 of the indictment were not multiplicitous. Count 1 charged different co-conspirators, occurred over a longer time frame and in different places, and was aimed at defrauding the United States by the promotion of tax avoidance. Count 2 charged Hardy and Supnet with defrauding the government in the failure to file their own personal income taxes despite substantial income. *See United States v. Guzman*, 852 F.2d 1117, 1119-20 (9th Cir. 1988).

III

Given the broad latitude we afford trial courts in balancing interests under Fed. R. Evid. 403, the district court did not abuse its discretion in excluding either the transcript of Hardy's 1984 interview with IRS agents or the evidence relating to Hardy's 1992 trial. It was not an abuse of discretion for the district court to regard the transcripts as cumulative of Hardy's own testimony, nor to balance the relevance of the 1992 trial to Hardy's good faith reliance defense against its

potential to confuse the jury under rule 403. *See Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988) (recognizing broad discretion of trial courts in applying Rule 403). Likewise, it was not an abuse of discretion for the trial court to exclude the testimony of Alexander Silvert, Hardy's lawyer in the 1992 trial. *Id.*

The government's videotape evidence was properly admitted over authenticity objections, especially in light of Hardy's own testimony that it was a tape of one his seminars. *See United States v. Mouton*, 617 F.2d 1370, 1383 (9th Cir. 1980). It was not an abuse of discretion for the trial court to reject Hardy's and Cassidy's attempts to show further excerpts under the doctrine of completeness, where they could not specify how the excerpts would have improved the jury's understanding beyond arguing the general relevance of the proffered materials. *United States v. Phillips*, 577 F.2d 495, 501 (9th Cir. 1978).

Any error in admitting the evidence of Hardy's improper disbursement of trust account funds was harmless in light of the other evidence establishing the crimes charged and the fact that the government did not rely heavily upon such evidence at trial. *Cf. United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1017 (9th Cir. 1995).

IV

It was not an abuse of discretion for the district court to deny funds to Hardy to subpoena the IRS agents from his 1984 interview as well as certain professional experts to bolster his reliance defense. Hardy made no showing of necessity either to the trial court or on appeal, and the district court concluded within the bounds of its discretion that such subpoenas were not required. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 n.7 (1982).

Neither did the district court abuse its discretion in denying Hardy funds for a psychological evaluation. Hardy is unable to provide "clear and convincing evidence" of prejudice resulting from the denial of his motion for such funds. *See United States v. Rodriguez-Luna*, 421 F.3d 932, 940 (9th Cir. 2005).

V

Hardy was not entitled to separate jury instructions on his theories of reliance on government officials or entrapment by estoppel, since the trial court adequately instructed the jury on willfulness and the good faith misunderstanding defense. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) (not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory); *United States v. Dorotich*, 900 F.2d 192, 194 (9th Cir. 1990).

Because the conspiracy involved actions that went well beyond mere advocacy, including the construction of fraudulent trusts, the distribution of fraudulent letters, and the facilitation of income concealment, defendants were not entitled to "open protest" or First Amendment defense instructions. "[T]he First Amendment does not protect defendants who go beyond mere advocacy and assist in the creation and operation of tax evasion schemes." *United States v. Kuball*, 976 F.2d 529, 531 (9th Cir. 1992).

Defendant Fred Ortiz was not separately entitled to a First Amendment jury instruction. "Once the conspiracy was established, only slight evidence was required to establish [defendant's] connection with the conspiracy." *United States v. Little*, 753 F.2d 1420, 1448 (9th Cir. 1984); *Hernandez v. United States*, 300 F.2d 114, 121-22 (9th Cir. 1962). Here, none of the defendants has argued that there was insufficient evidence to establish the general conspiracy. Nor does Ortiz raise a sufficiency of the evidence challenge to his involvement in the conspiracy. There was more than "slight evidence" to connect Ortiz with the conspiracy, given his longstanding relationship with Hardy, his bundled payments from Supnet for "opinion letters," his role as trustee for Hardy's father's trust, and the inconsistency between his preparation of returns for normal taxpayers and his opinion letters for the Hardy scheme.

VI

There is no merit to defendants' claim that the general verdict upon which they were convicted rested upon a legally erroneous basis. This is merely another version of the defendants' claim that the First Amendment protected some or all of the activities encompassed by the conspiracy, which we have already rejected. The conspiracy here went well beyond mere advocacy. *See Solomon*, 825 F.2d at 1297.

Finally, Count 1 of the indictment included sufficient detail to provide notice of the government's case against the defendants. Supnet does not argue, much less establish, that defendants were unable to prepare for trial, that they were unable to ascertain whether they were being tried upon the charges considered by the grand jury, or that any other prejudicial effect flowed from the purported vagueness of the indictment. *See United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

VII

For the foregoing reasons, the judgments of the district court are AFFIRMED.